UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MANDY DOW, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) |  |
| v. | ) ) | Case No. 4:15-CV-549 NAB |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) ) ) |  |
| Defendant. | ) |  |

## MEMORANDUM AND ORDER

This is an action under 42 U.S.C. § 405(g) for judicial review of the Commissioner of Social Security's final decision denying Mandy Dow's application for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.* Dow alleged disability due to osteoarthritis, deterioration of discs in her neck, bulging disc in her left hip, degenerative disc disease, and diverticulitis. (Tr. 154.) The parties have consented to the exercise of authority by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Doc. 8.] For the reasons set forth below, the Court will affirm the Commissioner's final decision.

**I.   Background**

On August 16, 2012 Dow applied for disability insurance benefits and supplemental security income (SSI). (Tr. 117-27.) The Social Security Administration ("SSA") denied Dow's claim for disability insurance benefits, because she had not worked enough quarters to obtain benefits. (Tr. 63-65.) Dow's SSI claim was denied on a finding of no disability and she filed a timely request for a hearing before an administrative law judge ("ALJ"). (Tr. 67-71, 74.) The

SSA granted Dow's request for review. (Tr. 75-76.) An administrative hearing was held on May 8, 2014. (Tr. 27-52.) Dow, who was represented by counsel, testified at the hearing. On September 15, 2014, the ALJ issued a written opinion upholding the denial of benefits. (Tr. 11-22.) Dow requested review of the ALJ's decision from the Appeals Council. (Tr. 6.) On February 23, 2015, the Appeals Council denied Dow's request for review. (Tr. 1-3.) The decision of the ALJ thus stands as the final decision of the Commissioner. *See Sims v. Apfel,* 530 U.S. 103, 107 (2000). Dow filed this appeal on March 30, 2015. [Doc. 1.] The Commissioner filed an Answer and the certified Administrative Transcript on June 8, 2015. [Docs. 11, 12.] Dow filed a Brief in Support of Complaint on August 6, 2015. [Doc. 15.] The Commissioner filed a Brief in Support of the Answer on October 8, 2015. [Doc. 18.] Dow's SSI claim is the only claim before this Court.

## II.     Standard of Review

The Social Security Act defines disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 416(i)(1)(A).

The SSA uses a five-step analysis to determine whether a claimant seeking disability benefits is in fact disabled. 20 C.F.R. § 416.920(a)(1). First, the claimant must not be engaged in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(i). Second, the claimant must establish that he or she has an impairment or combination of impairments that significantly limits his or her ability to perform basic work activities and meets the durational requirements of the Act. 20 C.F.R. § 416.920(a)(4)(ii). Third, the claimant must establish that his or her impairment meets or equals an impairment listed in the appendix to the applicable regulations. 20 C.F.R.

§ 416.920(a)(4)(iii). If the claimant's impairments do not meet or equal a listed impairment, the SSA determines the claimant's residual functional capacity (RFC) to perform past relevant work. 20 C.F.R. § 416.920(e).

Fourth, the claimant must establish that the impairment prevents him or her from doing past relevant work. 20 C.F.R. § 416.920(a)(iv). If the claimant meets this burden, the analysis proceeds to step five. At step five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs in the national economy. *Singh v. Apfel,* 222 F.3d 448, 451 (8th Cir. 2000). If the claimant satisfies all of the criteria under the five-step evaluation, the ALJ will find the claimant to be disabled. 20 C.F.R. § 416.920(a)(4)(v).

The standard of review is narrow. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). This Court reviews decisions of the ALJ to determine whether the decision is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find adequate support for the ALJ's decision. *Smith v. Shalala,* 31 F.3d 715, 717 (8th Cir. 1994). The court determines whether evidence is substantial by considering evidence that detracts from the Commissioner's decision as well as evidence that supports it. *Cox v. Barnhart*, 471 F.3d 902, 906 (8th Cir. 2006). The Court may not reverse just because substantial evidence exists that would support a contrary outcome or because the Court would have decided the case differently. *Id.* If, after reviewing the record as a whole, the Court finds it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's finding, the Commissioner's decision must be affirmed. *Masterson v. Barnhart*, 363 F.3d 731, 736 (8th Cir. 2004). To

determine whether the ALJ's final decision is supported by substantial evidence, the Court is required to review the administrative record as a whole to consider:

> (1) The findings of credibility made by the ALJ;
>
> (2) The education, background, work history, and age of the claimant;
>
> (3) The medical evidence given by the claimant's treating physician;
>
> (4) The subjective complaints of pain and description of the claimant's physical activity and impairment;
>
> (5) The corroboration by third parties of the claimant's physical impairment;
>
> (6) The testimony of vocational experts based upon prior hypothetical questions which fairly set forth the claimant's physical impairment; and
>
> (7) The testimony of consulting physicians.

*Brand v. Sec'y of Dept. of Health, Educ. & Welfare,* 623 F.2d 523, 527 (8th Cir. 1980).

## III. Discussion

Dow presents one issue for review. Dow asserts that the ALJ's RFC determination did not rely upon some medical evidence and therefore, the hypothetical question to the vocational expert is not supported by substantial evidence. The Commissioner contends that the ALJ's decision is supported by substantial evidence in the record as a whole.

### A. ALJ's Decision

The ALJ found that Dow has not engaged in substantial gainful activity since August 16, 2012, the date of her application. (Tr. 13.) The ALJ determined that Dow had the severe impairments of degenerative disc disease, status post right knee reconstruction, bipolar disorder, and borderline personality disorder. (Tr. 13.) He also determined that Dow did not have an

impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 14.) The ALJ then found that Dow had the RFC to perform sedentary work with the following limitations: (1) unable to climb, ladders, ropers, or scaffolds; (2) unable to kneel, crouch, or crawl; (3) may occasionally climb ramps, stairs, or stoop, (4) unable to operate any foot control operations; (5) unable to push or pull with right dominant upper extremity on more than a frequent basis; (6) unable to reach overhead with right (dominant) upper extremity; (7) must avoid concentrated exposure to extreme vibration; (8) avoid all operational control of moving machinery; (9) avoid working at unprotected heights, and (10) avoid use of hazardous machinery. (Tr. 15.) The ALJ found that Dow was limited to performing simple, routine, and repetitive tasks in a low stress job defined as requiring only occasional decision making and occasional changes in the work setting with no interaction with the public, only casual and infrequent contact with co-workers, and contact with supervisors concerning work occurring no more than four times per day. (Tr. 15-16.)

### B. RFC Determination

Plaintiff contends that the ALJ erred, because he gave substantial weight to Dr. Spencer's consultative examination, but did not make a finding of disability. The RFC is defined as what the claimant can do despite his or her limitations, and includes an assessment of physical abilities and mental impairments. 20 C.F.R. § 416.945(a). The RFC is a function-by-function assessment of an individual's ability to do work related activities on a regular and continuing basis.[1] SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). It is the ALJ's responsibility to determine the claimant's RFC based on all relevant evidence, including medical records, observations of

---

[1] A "regular and continuing basis" means 8 hours a day, for 5 days a week, or an equivalent work schedule. SSR 96-8p, 1996 WL 374184, at *1.

treating physicians and the claimant's own descriptions of his limitations. *Pearsall*, 274 F.3d at 1217. An RFC determination made by an ALJ will be upheld if it is supported by substantial evidence in the record. *See Cox*, 471 F.3d at 907. "[T]he ALJ is not qualified to give a medical opinion but may rely on medical evidence in the record." *Willcockson v. Astrue*, 540 F.3d 878, 881 (8th Cir. 2008). In making a disability determination, the ALJ shall "always consider the medical opinions in the case record together with the rest of the relevant evidence in the record." 20 C.F.R. § 416.927(b). "A disability claimant has the burden to establish her RFC." *Eichelberger*, 390 F.3d 584, 591 (8th Cir. 2004) (citing *Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004)). The ALJ "is not required to rely entirely on a particular physician's opinion or choose between the opinions of any of the claimant's physicians. *Martise v. Astrue*, 641 F.3d 909, 927 (8th Cir. 2011). The RFC determination is based on all of the evidence in the medical record, not any particular doctor's treatment notes or medical opinion.

In this case, Dow received mental health treatment from psychiatrist, Dr. Steve C. Stromsdorfer, between December 3, 2012 and August 26, 2013. (Tr. 379-87.) Dr. Stromsdorfer diagnosed Dow with Bipolar I Disorder. During those visits, Dr. Stromsdorfer observed that Dow was dysphoric for most visits and she did not indicate any suicidal ideations. (Tr. 379-87.) Dow's assessment improved at each visit, with the exception of her last visit in August 2013 when it was noted that depression and anxiety were high. (Tr. 379-85.) On March 31, 2014, Dr. Stromsdorfer wrote that he had no opinion as to Dow's current mental condition since her last visit occurred in August 2013. (Tr. 435-40.) He did indicate that his visits with her did not suggest that she had a low IQ or reduced intellectual functioning. (Tr. 438.)

On June 17, 2014, Dr. Thomas Spencer, a psychologist, conducted a psychological evaluation of Dow. (Tr. 497-505.) In his evaluation, Dr. Spencer diagnosed Dow with bipolar

6

disorder, alcohol dependence, methamphetamines dependence in sustained remission, history of cocaine abuse, and borderline personality disorder. (Tr. 500.) Dr. Spencer opined that Dow was mildly limited in the ability to understand, remember, and carry out simple instructions. (Tr. 501.) He found that she was moderately limited in ability to make judgments on simple work related tasks and interact appropriately with the public. (Tr. 501-502.) He opined that she had marked limitations in the ability to understand, remember and carry out complex instructions; make judgments on complex work-related decisions; interact appropriately with supervisors and co-workers; and respond appropriately to usual work situations and changes in a routine work setting. (Tr. 501-502.) Dr. Spencer defined "marked" as a serious limitation with "a substantial loss in the ability to effectively function. (Tr. 501.)

The ALJ afforded "great weight" to Dr. Spencer's opinion and stated that he fully incorporated the limitations found by Dr. Spencer into the RFC. (Tr. 20.) Dow contends that the ALJ's RFC determination is not supported by any medical evidence, because Dr. Spencer's report does not indicate that she can have limited interaction with co-workers or supervisors or that she has the ability to work in a low stress job. Dow asserts that the ALJ's decision offers no rationale or authority for its conclusions regarding those limitations.

The Court disagrees. First, the ALJ's decision does not have to mirror any particular doctor's opinion, because the RFC is based on all of the evidence in the record as a whole, including the claimant's treatment records and an assessment of the claimant's credibility. There is a very limited mental health treatment history, lasting less than a year, in the record. (Tr. 379-387). The ALJ also found that Dow's activities of daily living demonstrate a "continued ability to engage in a variety of daily activities." (Tr. 20.) The ALJ also found that Dow's earnings record showed nominal or no earnings for most years, which detracted from her credibility. (Tr.

20.) Second, the Court does not find that the RFC determination is inconsistent with the limitations contained in Dr. Spencer's opinion. Reviewing Dr. Spencer's opinion closely, he does not opine that Dow would be precluded from working. A "marked" limitation was not the most restrictive limitation considered in the report. Dr. Spencer could have also found that Dow had an "extreme" limitation, which is defined as "no useful ability to function in this area." (Tr. 501.) Dr. Spencer did not opine that Dow had any extreme limitations. Although Dr. Spencer found that Dow had marked limitations, the label "marked" limitation as defined on the form, does not indicate complete inability to perform the activity. (Tr. 501.) The RFC determination is very restrictive in this case. The RFC determination provides for sedentary work with a long list of limitations, both physical and mental. The Court notes that the RFC's limitations of performing repetitive tasks in a low stress job defined as requiring only occasional decision making and occasional changes in the work setting with no interaction with the public, only casual and infrequent contact with co-workers, and contact with supervisors concerning work occurring no more than four times per day fit very well within the marked limitations contained in Dr. Spencer's opinion. The Court finds that the RFC determination is supported by some medical evidence and substantial evidence in the record as a whole.

### C. Vocational Expert Testimony

Finally, the Court finds that the vocational expert's response to the ALJ's interrogatory constitutes substantial evidence. "The ALJ's hypothetical question to the vocational expert needs to only include those impairments that the ALJ finds are substantially supported by the record as a whole." *Lacroix v. Barnhart*, 465 F.3d 881, 889 (8th Cir. 2006). These impairments must be based on the "substantial evidence on the record and accepted as true and capture the concrete consequences of those impairments." *Jones v. Astrue*, 619 F.3d 963, 972 (8th Cir.

2010). If the hypothetical question is properly formulated, then the testimony of the VE constitutes substantial evidence. *Roe v. Chater*, 93 F.3d 672, 676 (8th Cir. 1996).

In this case, the ALJ's hypothetical question included all of the limitations the ALJ found to exist and set forth in the ALJ's description of Dow's RFC. The Court has found that the ALJ's RFC determination was supported by substantial evidence, therefore, the hypothetical question was proper and the vocational expert's answer constituted substantial evidence supporting the Commissioner's denial of benefits. *Id.*

## IV. Conclusion

Based on the foregoing, the Commissioner's final decision is affirmed. The Court finds that substantial evidence supports the ALJ's decision as a whole. As noted earlier, the ALJ's decision should be affirmed "if it is supported by substantial evidence, which does not require a preponderance of the evidence but only enough that a reasonable person would find it adequate to support the decision, and the Commissioner applied the correct legal standards." *Turpin v. Colvin*, 750 F.3d 989, 992-993 (8th Cir. 2014). A review of the record as a whole demonstrates that Dow has some restrictions in her functioning and ability to perform work related activities, however, she did not carry her burden to prove a more restrictive RFC determination. *See Pearsall*, 274 F.3d at 1217 (it is the claimant's burden, not the Social Security Commissioner's burden, to prove the claimant's RFC). Therefore, the Commissioner's decision will be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the relief requested in Plaintiff's Complaint and Brief in Support of Complaint is **DENIED**. [Docs. 1, 15.]

**IT IS FURTHER ORDERED** that the Court will enter a judgment in favor of the Commissioner affirming the decision of the administrative law judge.

Dated this 29th day of March, 2016.

                                                        /s/ Nannette A. Baker  
                                                       NANNETTE A. BAKER  
                                                       UNITED STATES MAGISTRATE JUDGE